## Commonwealth, Appellant, *v.* Jones.

*Mines and mining—Criminal law—Mine foreman—Acceptance of money from employees—Act of June 15, 1897, P. L. 157—Statutes—Construction of statutes.*

A mine foreman in the employ of a coal company who receives money from a man, also in the employ of the coal company, for the purpose of continuing the latter in his employment, is guilty

Syllabus—Arguments. [64 Pa. Superior Ct.

of a misdemeanor under Section 1 of the Act of June 15, 1897, P. L. 157, which provides that "Any mine foreman......who shall receive or solicit any sum of money, or other valuable consideration, from any of his or their employees, or for the purpose of procuring employment, shall be guilty of a misdemeanor."

The words "his or their employees" are not to be given such a narrow meaning as will limit the application of the act to employees who are in the actual employment of the mine foreman as a mine operator or owner.

Argued May 8, 1916. Appeal, No. 3, March T., 1917, by plaintiff, from order of Q. S. Luzerne Co., Nov. Sessions, 1915, No. 31, quashing appeal in case of Commonwealth v. Richard Jones. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Indictment for receiving money in violation of Section 1 of the Act of June 15, 1897, P. L. 157.

The opinion of the Superior Court states the case.

*Error assigned* was order quashing the indictment.

*Leo J. Schwartzkopf,* Assistant District Attorney, and *Frank P. Slattery,* District Attorney, for appellant.— The law imposes upon the mine owner or operator the necessity of employing foremen and the owner or operator has no control over them: Lineoski v. Susquehanna Coal Company., 157 Pa. 153; Durkin v. Kingston Coal Company, 171 Pa. 193.

The title of the act must be considered as part of it; it limits its scope and may be properly resorted to as an aid to its construction: Commonwealth v. Lloyd, 178 Pa. 308; Commonwealth v. Hanley, 15 Pa. Superior Ct. 271; Price v. Temperance Mut. B. Assn., 3 Dauphin Co. 128; Dickerson v. C. R. R. of N. J., 7 D. R. 104.

A penal statute is not to be so strictly construed as entirely to defeat its object: Bartolett v. Achey, 38 Pa. 273; Hazel Township, 1 D. R. 813; Commonwealth v. Philadelphia County Commissioners, 2 S. & R. 193; Com. v. Mut. Union Brewing Co., 252 Pa. 168.

No printed brief for appellee.

OPINION BY KEPHART, J., July 18, 1916:

The defendant, a mine foreman, was charged with having violated Sec. 1 of the Act of June 15, 1897, P. L. 157. It provides that "Any mine foreman......who shall receive or solicit any sum of money, or other valuable consideration, from any of his or their employees, or for the purpose of procuring employment, shall be guilty of a misdemeanor." The act was intended to punish a most contemptible form of grafting. The court below quashed the indictment for the reason that the words "his or their employees" should be given a literal meaning, and the act would only apply to employees who were in the actual employment of the mine foreman as a mine operator or owner. The title to the act clearly indicates its purpose, and reads: "An Act. For the better protection of employees in and about the coal mines, by preventing mine superintendents, mine foremen and assistants from receiving or soliciting any sums of money, or other valuable consideration, from men while in their employ, and providing a penalty for violation of the same." It is difficult to understand what effect could be given the act if the judgment of the court below were to be sustained. Under it the foreman and employee must be viewed in the light of master and servant, the foreman or superintendent being the operator, owner, or principal—a situation not contemplated by the act and, as so construed, is meaningless. The act should be interpreted in the spirit in which it was written, and with the legislative intention in mind. The rule of strict construction of penal statutes is not violated by giving the words a meaning according to the sense in which they were intended. The act should not be construed so strictly as to defeat the intention of the legislature, and in such manner as to take from words used in an obvious sense the meaning intended, and apply to them a meaning that might obtain by a literal interpretation. The words "his

or their" in the act are used in a descriptive sense. The foreman and superintendent is referred to in his representative capacity, having under the laws of this State, and under the general custom in this and other kind of work, the right or power to employ, control and discharge, and when the words "his or their" are used as to the employees, it describes the relation between them and the foreman, the persons who are affected by this act, as being under his or their immediate control and supervision, and for this purpose they are his or their employees. It is, moreover, a colloquial expression of employees, much in common use, that those who work for a foreman express their employment as working for Richard Jones (the foreman), rather than the owner, operator or master. The beneficial purpose of the act should not be thwarted by a restricted construction of its language. It was the purpose of the legislature to strike down an intolerable practice, enforced by unscrupulous persons desiring to profit at the expense of those dependent on their grace for daily wages. A fair interpretation of the act of assembly accomplishes this purpose.

The order of the court quashing the indictment is reversed. The indictment is reinstated and a procedendo awarded.